### The Gull River Lumber Company *vs.* T. P. Lee, *et al.*

Opinion filed November 30th, 1897.

**Lien of Taxes—Repeal of Statute.**

> Section 90, Ch. 132, Laws 1890, made taxes assessed upon personal property a lien upon the personal property of the person assessed. This law was expressly repealed by the Revised Codes, which went into effect January 1, 1896. *Held*, that the lien created by the act of 1890 was destroyed by the repeal of the statute creating it.

**Continuation of Provisions of Repealed Statute.**

> It is only when the provisions of a repealing statute are identical, or practically identical, with the provisions in the statute repealed, that the provisions can be considered as continuing in force without intermission.

Appeal from District Court, Emmons County, *Winchester*, J.

Action by the Gull River Lumber Company against Jerome B. Brock and T. P. Lee to foreclose a chattel mortgage.

From an order sustaining a demurrer to the separate answer of the defendant, T. P. Lee, he appeals.

Affirmed.

*H. A. Armstrong*, for appellant.

The taxes for the years 1890 and 1891 became liens upon the personal property of Brock, prior to the giving of the chattel mortgage to plaintiff, under which it claims the property in controversy. The lien for taxes is therefore superior and paramount. Sec. 90 Ch. 132, Laws 1890. *Reynolds* v. *Fisher*, 61 N. W. Rep. 695; *Farmers L. & T. Co.* v. *Memminger*, 66 N. W. Rep. 1014, and the lien extended to all personal property of the person assessed, even though acquired subsequent to the date when the lien attached. *Hill* y. *Palmer*, 49 N. W. Rep. 718; *Gaar* v. *Hurd*, 92 Ill. 330.

Taxes are not released by the neglect of the treasurer to enforce them at the time fixed by law. *Iowa Land Co.* v. *Douglas County*, 67 N. W. Rep. 52. The power to collect remains until the taxes are paid. *Horner* v. *Cilley*, 14 N. H. 85; *Perry County* v. *Selma*

*Ry. Co.*, 58 Ala. 546. The statutory remedy for collection of personal taxes is exclusive. *Raynsford* v. *Phelps*, 43 Mich. 342; *Peo.* v. *Lee*, 112 Ill. 113.

*Newton & Patterson*, for respondent.

The statutory time for the treasurer to distrain for Brock's personal property taxes of 1891 expired June 1st, 1892. Sec. 56, Ch. 132, Laws 1890. *Hutchins* v. *Board*, 46 N. W. Rep. 678; Cooley on Taxation, 280; *Gardner* v. *Early*, 28 N. W. Rep. 427. When the statutes direct a thing to be done or provide the form, time and manner of doing it, it must be done in the form, time and manner prescribed, or it is invalid. *Chandler* v. *Spear*, 22 Vt. 388. The tax law of 1890 was repealed January 1st, 1896. This ended the right to distrain for taxes under the provisions of the prior statute. Cooley Taxation 18, *Butler* v. *Palmer*, 1 Hill 324; *Philip* v. *Township*, 35 N. W. Rep. 918.

BARTHOLOMEW, J. This case comes into this court on an appeal from an order sustaining a demurrer to defendants' answer. The action was in equity to foreclose a chattel mortgage. Plaintiff obtained a warrant of seizure under section 5898, Rev. Codes, and the mortgaged property was taken from the possession of the defendant Lee. Defendant Brock, who was the mortgagor, made no appearance in the action. The answer of Lee shows that he was treasurer of Emmons county, and as such treasurer he had seized the property on September 12, 1896, under a distraint for unpaid and delinquent personal property taxes assessed against the mortgagor, Brock, for the years 1890, 1891 and 1895. All the facts were alleged necessary to show a valid tax against Brock for the years named. Plaintiff's mortgage was given by Brock in 1893. Appellant Lee claims that his possession was lawful, and his right to the same as such treasurer was superior to any rights of plaintiff under its mortgage. Section 90 of chapter 132 of the Laws of 1890, and which section was in force when all of said taxes were levied, declares: " The taxes assessed upon personal property shall be a lien upon the personal property of the person

assessed from and after the time the tax books are received by the county treasurer." Section 1225, Rev. Codes, which went into effect January 1, 1896, makes it the duty of county treasurers to collect the taxes remaining unpaid on the lists of former years. Under the authority given by this latter section, the treasurer was proceeding to collect the delinquent personal property taxes against Brock for the years mentioned, and he insists that the lien given by the statute of 1890 was superior to the lien of the mortgage, at least as to the taxes which were prior in time to the execution of the mortgage. The lien for taxes thus created was purely statutory. In no manner and to no extent whatever did it rest upon contract. It was arbitrarily declared by the legislature in the interests of the public revenue. But chapter 132, Laws 1890, was expressly repealed by the Revised Codes.

The question, then, arises whether or not the repeal of the statute creating the lien did not completely destroy the lien itself. Upon this point, and when the lien arises between private parties, the authorities are not uniform. There is a class of cases holding that a statutory lien pertains to the remedy merely; that it is simply cumulative to the ordinary right to enforce an obligation; and that taking it away does not affect that right; and, since it is always within the power of the legislature to control the remedy when the right is not impaired, these cases hold that a statutory lien is absolutely destroyed by the repeal of the statute creating the lien. *Templeton* v. *Horne*, 82 Ill. 491; *Bangor* v. *Goding*, 35 Me. 73; *Woodbury* v. *Grimes*, 1 Colo. 100. Other courts hold, when a statute gives a lien for the enforcement of an obligation arising on contract, that, when a party has brought himself within the terms of the statute, his right to the lien becomes a vested right, which the legislature cannot take away from him. See *Streubel* v. *Railroad Co.*, 12 Wis. 67; *Chowning* v. *Barnett*, 30 Ark. 560; *Handel* v. *Elliot*, 60 Tex. 145; *Weaver* v. *Sells*, 10 Kan. 609; *Hoffman* v. *Walton*, 36 Mo. 613.

Under these latter cases, mechanics' liens, or, in this state, seed grain liens, threshers' liens, and other liens of that character,

given by statute, would not be destroyed by a repeal of the statute. But we express no opinion upon this controverted point. It is not in this case. The lien here claimed rests upon no such specific consideration as is required to support the class of statutory liens above mentioned. As we have said, there is no element of contract about it. It arises in a proceeding in *invitum*, and is based solely upon that duty which the law casts upon every man to contribute his share to the public revenue. It was declared in the interests of the public revenue, and it was certainly competent for that branch of the government to which the public revenue is peculiarly intrusted to waive or destroy it. This we think it did by a repeal of the statute creating it, unless it was saved by some provision in the repealing statute.

This suggests another inquiry. It is a well settled principle of law that where a statute is repealed, and the repealing statute, which goes into effect the moment the former is repealed, contains provisions identical, or practically identical, with those in the statute which is repealed, such provisions are not to be regarded as repealed, but rather as continuing in force without intermission. *Steamship Co.* v. *Joliffe*, 2 Wall. 450; *Wright* v. *Oakley*, 5 Metc. (Mass.) 406. But, as stated, in order to work a continuation of such provisions, they must be practically identical in the two statutes. *Woodbury* v. *Grimes, supra.* While chapter 132, Laws 1890, was expressly repealed by the Revised Codes, yet the chapter on revenue in said Revised Codes was a substitute for the act repealed, and contained (section 1239, Rev. Codes) a provision making personal property taxes a lien upon the personal property of the taxpayer. But, in our opinion, the dissimilarity in the two statutes is so great that a court would be entirely unwarranted in construing the latter provision as a continuation of the former. The law of 1890 declared a lien on the personal property of the taxpayer good as against all the world, and which could not be affected by any act of the taxpayer except the payment of the tax. The lien of the Revised Codes is very much more restricted. It attaches only so long as the title to the

personal property remains in the taxpayer, thus placing it in his power to divert the lien at any time. We cannot read into this mild and modified lien any legislative intent to continue in force liens created by the earlier drastic provision. It follows, then, that there was no lien whatever for the unpaid personal property tax against Brock upon this property prior to its seizure by the treasurer. The lien, under the law of 1890, had fallen with the repeal of that law, and the lien of the Revised Codes, which was declared long after all these taxes had been assessed and were overdue, could not attach, because that statute was prospective only. Of course, the seizure could give the treasurer no claim upon the property that would be superior to a prior existing mortgage thereon. The demurrer was properly sustained. All concur.

Affirmed.