GOLDEN VALLEY COUNTY, a Municipal Corporation, Respondent, v. I. L. LUNDIN, E. J. Curtin and Wm. Trester. I. L. LUNDIN and Wm. Trester, Appellants.

(203 N. W. 317.)

**Statutes — statutes containing clause repealing other statutes must be construed as a whole, even though legislative intent so manifested is contrary to terms of repealing clause.**

1. A clause in a statute purporting to repeal other statutes is not in all

---

Note.—(1) Legislative intent as controlling repeal clause of statute, see 25 R. C. L. 911.

(2) Effect of simultaneous repeal and re-enactment of statute, see 25 R. C. L. 934.

cases conclusive evidence of the legislative intention. A statute containing such clause must be construed as a whole, and the legislative intent as thus manifested given effect, even though it is contrary to the terms of the repeal clause.

**Statutes — if repealing statute contains provisions identical, or practically so, with provisions of statute repealed, they continue in force without interruption.**

2. Where a statute is repealed, and the repealing statute contains provisions identical, or practically identical, with some of the provisions of the statute declared to be repealed, such provisions are not repealed, but continue in force without interruption, so that all rights and liabilities that have been incurred thereunder are preserved.

**Depositaries — repealing statute held not to terminate bonds given by depositary of county funds while repealed statute was in effect.**

3. For reasons stated in the opinion it is *held* that the clause in chapter 199, Laws 1923 expressly repealing chapter 56, Laws 1921 did not operate as a repeal of the provisions of said chapter 56 relating to bonds to be given by a depositary of county funds, so as to terminate such bonds,—which had been given while said chapter 56 was in effect,—at the moment said chapter 199 became operative.

Opinion filed March 21, 1925.

Depositaries, 18 C. J. § 47 p. 582 n. 73; § 55 p. 585 n. 41. Statutes, 36 Cyc. p. 1069 n. 15; p. 1084 n. 76; p. 1106 n. 29; p. 1115 n. 97; p. 1128 n. 54; p. 1130 n. 61.

Appeal from the District Court of Golden Valley County, *Pugh,* J.
Defendants appeal from an order overruling a demurrer to the complaint.
Affirmed.
*Simpson & Mackoff,* for appellants.
"Where, however, a later act governs the whole subject of earlier acts and embraces new provisions, and plainly shows that it was intended not only as a substitute for the earlier acts, but to cover the whole subject then considered by the legislature, and to prescribe the only rules in respect thereto, it appears as a repeal of all former statutes relating to such subject matter even if the former acts are not in all respects repugnant to the new act. But in order to effect such repeal by implication it must appear that the subsequent statute covered the whole sub-

ject matter of the former one, and was intended as a substitute for it." 36 Cyc. 1077; Madison v. Southern Wisconsin R. Co. (Wis.) 10 A.L.R. 910, 146 N. W. 492.

"An express repeal is the repeal which is literally declared by a new law, either in specific terms, as where particular laws or provisions are named and identified and declared to be repealed, or in general terms as where a provision in a new law declares all laws and parts of laws inconsistent therewith to be repealed." 25 R. C. L. 911, § 163.

"It is only when the provisions of a repealed statute are *identical* or *practically identical*, with the provisions in the statute repealed, that the provisions can be considered as continuing in force and without intermission." Gull River Lumber Co. v. Lee, 7 N. D. 135.

The general rule is that where a statute is repealed without a re-enactment of the repealed law in substantially the same terms, and there is no saving clause or general statute limiting the effect of the repeal, the repealed statute, in regard to its operative effect is considered as though it had never existed except as to matters and transactions passed and closed. 25 R. C. L. 932, § 183; Mahoney v. State (Wyo.) 42 Pac. 13; Butler v. Palmer, 1 Hill, 324; Hartung v. People, 22 N. Y. 95; Sanchez v. People, 22 N. Y. 155; Com. v. Danne, 1 Binn. (Pa.) 601; Board of Trustees v. Chicago, 14 Ill. 334; Yeaton v. United States, 5 Cranch, 281; The Rachel, 6 Cranch, 329; Bear Lake v. Garland, 41 L. ed. 327; Hertz v. Woodman, 54 L. ed. 1001.

"A different rule of construction applies to sureties and to principals in statutory bonds." 9 C. J. 32 and cases cited, and notes 52–54; 32 Cyc. 73.

"The sureties on an appeal bond conditioned for the prosecution of the appeal to a court of appeals and the performance of the judgment of that court or of the supreme court of the state in the event of an appeal thereto, are discharged whereby by a change in the statute governing appeals no judgment is rendered by the court of appeals, or any appeal taken from that court to the supreme court, but the case is taken by a legislative transfer from the court of appeals to the supreme court." Schuster v. Weiss, 19 L.R.A. 182.

"The liability of a surety is not to be extended by implication. To the extent, and in the manner and under the circumstances, pointed out in his obligation, he is bound, and no farther." Miller v. Stewart, 6

L. ed. 195; Anderson, Law Dict. title Surety; Ludlow v. Simond, 2 Caines, Cas. 38.

"The liability of a surety is always strictissimi juris and may not be extended by construction beyond his specific engagement." National Mechanics Bkg. Asso. v. Conkling, 90 N. Y. 116.

"The courts are not concerned with the inquiry whether the alteration is prejudicial or beneficial to the surety. This is immaterial. He is sponsor for one contract and but one, and not one has a right to make another contract for him." Fellows v. Prentiss, 3 Denio, 521; Ludlow v. Simond, supra; Ward v. Stahl, 81 N. Y. 406; Barnes v. Barrow, 61 N. Y. 39.

"It is an elementary rule regulating the liability of sureties that they can only be charged when the case is brought within the strict terms of their contract and that their liability is not to be so extended by implication as to embrace purposes and objects not originally contemplated by the parties." McCluskey v. Cromwell, 11 N. Y. 598; United States v. Kirkpatrick, 6 L. ed. 199; McMicken v. Webb, 12 L. ed. 443.

"Where a statute is repealed and re-enacted with some changes, at the same time, both statutes may be considered together in giving a construction to the latter, but the act repealed has no force, except so far as it is continued in force by saving clauses and exceptions." Coffin v. Rich, 45 Me. 507, 71 Am. Dec. 569.

*C. J. Oppegaard, H. L. Halliday,* and *T. F. Murtha,* for respondent.

"Where there is an express repeal of a statute, and at the same time a re-enactment of all or part of the statute, the re-enactment neutralizes the repeal, so far as the old statute is contained in the new one: and as to the part unchanged the new act is a mere continuation of the old statute, and rights and powers are not taken away by such repeal and re-enactment of the law on which they respectively depend." Sewing Mach. v. Harris (Ill.) 96 N. E. 857; State v. Prouty, 84 N. W. 670; Robinson v. Ferguson, 93 N. W. 350; National Surety Co. v. Campbell, 1st Decennial Dig. and 2nd Decennial Dig. Stat. § 170.

"Even if by amendment a statute has been repealed, and re-enacted in the same words, by an act which took effect at the same time as the repealing act, the portion of the statute re-enacted would continue such former statute, in uninterrupted operation, and there would be no change in the law." State v. Superior Ct. (Wis.) 186 N. W. 748.

"The general rule is that the spirit or reason of the law will prevail over the letter." Pinn v. State (Wis.) 186 N. W. 544; People v. Ross (Ill.) 111 N. E. 987; Leatherwood v. Hill (Ariz.) 89 Pac. 521, Ann. Cas. 1912D, 536.

"A designation of a bank as a county depositary is effectual so long as the county shall continue to deposit its funds in the bank, and the bond given in pursuance of such designation is deemed to be a continuing obligation, upon which the sureties will continue to be liable for default, unless they have taken the necessary steps to terminate their liability on such bond." Yeargan v. Board of County Comrs. (Okla.) 215 Pac. 619.

"A bond in pursuance of a statute not afterwards held unconstitutional is not valid as a statutory bond, but may be valid as a common-law contract, if supported by a consideration independent of the statute." United States F. & G. Co. v. Ettenheimer (Neb.) 99 N. W. 652.

CHRISTIANSON, Ch. J. This is an action by the county of Golden Valley on a bond in the penal sum of $10,000.00 given to it on May 28, 1921, by the First National Bank of Sentinel Butte as a depositary of county funds. The complaint alleges that the bond was duly deposited in the office of the county auditor of said Golden Valley county, and accepted by said county; that upon the giving and acceptance of said bond the First National Bank of Sentinel Butte was duly appointed a depositary of county funds according to the provisions of chapter 56, Laws 1921; that at the regular meeting of the board of county commissioners of said plaintiff county held in July, 1923 the said First National Bank of Sentinel Butte was again designated and appointed a depositary of county funds of said plaintiff county; that the said First National Bank of Sentinel Butte was a regularly designated depositary of county funds at all times between the date of the acceptance of said bond in suit and the 16th day of February, 1924; that on the latter date there was on deposit in said plaintiff bank the sum of $8,267.22; that said moneys were payable on demand; that payment of such moneys has been demanded and payment refused; that the conditions of the bond were breached by the failure and refusal to make such payment. The individuals named as defendants in this action were sureties on such bond. They demurred to the complaint on

the ground that it did not state facts sufficient to constitute a cause of action. The demurrer was overruled, and defendants have appealed.

The question involved is one of statutory construction. The appellants contend that chapter 56, Laws 1921 was repealed in toto by chapter 199, Laws 1923; and that all depositary bonds executed pursuant to said chapter 56, Laws 1921 ceased to exist when said chapter 199, Laws 1923 became operative.

For a long term of years prior to 1919 the laws of this state made provision for the designation by the county commissioners of certain banks to act as depositaries of county funds. In 1919 the legislative assembly enacted a statute creating the Bank of North Dakota. See chapter 147, Laws 1919. The act provided:—"All county . . . funds . . . shall be, by the person having control of such funds, deposited in the Bank of North Dakota within three months from the passage and approval of this Act, subject to disbursement for public purposes on checks drawn by the proper officers in the manner now or hereafter provided by law. . . ." The Bank of North Dakota Act (Laws 1919) chap. 147, was amended by a law proposed by initiative petition and adopted at the general election held in November, 1920 so as to repeal the above quoted provision, requiring all county funds to be deposited in the Bank of North Dakota. See Laws 1921, p. 255. That is, the initiative law operated as a repeal of the provisions of chapter 147, Laws 1919 which made it the duty of the county treasurer to deposit county funds in the Bank of North Dakota. The Bank of North Dakota, however, remained a legal depositary for county funds, and might properly be designated as such by the proper county authorities. State ex rel. Kopriva v. Larson, 48 N. D. 1144, 189 N. W. 626, 631.

The condition which arose upon the adoption of the initiated law was one of more or less uncertainty. Doubt existed as to whether the provisions of law relating to the designation of depositaries of public funds in force prior to the enactment of the Bank of North Dakota Act remained in force. The situation was clearly one calling for legislative action and, accordingly, the 1921 legislative Assembly enacted chapter 56, Laws of 1921, which according to its title was "An act designating legal depositaries for the funds of all public corporations and providing for the procedure and the regulations under which such funds shall be

deposited." The act provides: "Sec. 1. All state and national banks in the state of North Dakota complying with the provisions of this act, and the Bank of North Dakota are hereby declared to be legal depositaries of the public funds of the various counties, townships, school districts, cities and villages and the various treasures of said corporations shall deposit all funds in their custody in such banks.

"Sec. 2. Before any deposit shall be made in any depository by or in behalf of any of the corporations enumerated in § 1 of this Act, such depository shall furnish a bond payable to the public corporation making such deposit, in an amount that shall at least equal the largest deposit that may at any time be in such depository; said bond shall be in conformity to a form prescribed by the Attorney General and the amount and sufficiency of the board or governing body of such corporation. If the board fails or refuses to approve any such bonds the same may be presented to the Judge of the District Court upon three days' notice to the clerk or auditor of the board of the corporation to which such bond was submitted and the judge shall forthwith proceed to hear and determine the amount and sufficiency of such bond and may approve or disapprove the same as the facts warrant. If he approves such bond the said bank shall be declared a depository of the funds of such corporation. The sureties on all bonds required by public corporations according to the provisions of this law shall justify as required by law in arrest and bail proceedings. Provided, however, that in lieu of such personal bond the board or governing body of the corporation involved may require such bank designated as depository to file a surety bond in a sum equal to the amounts of funds such bank may receive according to the provisions of this act. The bond when approved, shall be deposited with the county auditor. Such bond shall be a continuing bond and shall continue binding, but in no case involving the deposit of funds of public corporations shall such bond be continued without a renewal thereof for a longer period than four years. This section shall not apply to public corporations as enumerated in § 1 of this Act where the amount in the treasury of such corporation does not exceed the sum of Five Hundred Dollars. The treasurer of public corporations having on hand less than Five Hundred Dollars and therefore not within the provisions of this Section, shall deposit all the funds belonging to such corporation in some bank under such con-

ditions and restrictions as shall seem adequate to protect the public. interest."

In 1923 the legislative assembly enacted chapter 199, Laws 1923, dealing with the subject of depositaries of public funds. Chapter 199, Laws 1923 covered the whole subject of depositaries of public funds, and contained a clause expressly repealing certain enumerated statutory provisions, among which were chapter 56, Laws 1921. This repeal clause is responsible for this litigation. It is contended by the appellants that this clause must be given literal effect; that it is conclusive evidence of the legislative intention; and that every provision of chapter 56, Laws 1921, and all depositary bonds given thereunder ipso facto terminated when chapter 199, Laws 1923 became operative. We are unable to agree with the conclusions for which appellants contend. While there are a few jurisdictions which hold that the express repeal of a statute operates as an absolute repeal and interruption of the former statute, even though there is a simultaneous re-enactment of provisions declared to be repealed, the great weight of authority (25 R. C. L. p. 934), and the fundamental rules of statutory construction are to the contrary. It is axiomatic that courts do not make, but interpret, laws and that a valid statute must be given effect according to the purpose and intent of the law maker. "The intent is the vital part, the essence of the law, and the primary rule of construction is to ascertain and give effect to that intent." 2 Lewis's Sutherland, Stat. Constr. § 363. The legislative intention must primarily be determined from the language of the statute. And if the language is plain, certain and unambiguous, so that no doubt arises from its own terms as to its meaning, then there is no room for interpretation, and the statute must be given effect according to its terms. But the legislative intention must be sought from the whole act, and not merely from certain parts of it; and where certain provisions of an act are inconsistent with other provisions of the same act, then it becomes incumbent upon the courts to determine which must prevail in order to carry out the legislative purpose and intention. We are aware of no good reason why this rule should not be applied where inconsistency or ambiguity is created by reason of a repeal clause in a statute. In other words, we are aware of no good reason why a statute containing a repeal clause should be exempted from the rule that the statute must be

construed as a whole. And where the legislature enacts a law containing a clause expressly repealing a former statute, and in the act which contains the repealing clause, re-enacts certain provisions of the law which the repeal clause purports to abrogate, a court is not justified in accepting the repeal clause as sole evidence of the legislative intention. In such case, the statute should be considered as a whole, and the legislative intention thus evidenced given effect. In such case, it can hardly be said that the legislature evidenced an intention to abrogate the rule which they re-enacted and thus declared should be put into effect contemporaneously with the repeal clause. The rule supported both by reason and authority is that in such case the provisions of the repealed act, which are thus re-enacted, continue in force without interruption. 25 R. C. L. p. 934; 26 Am. & Eng. Enc. Law, p. 758.

Sutherland (1 Lewis's Sutherland, Stat. Constr. 238), says:

"Where there is an express repeal of an existing statute, and a re-enactment of it at the same time, or a repeal and a re-enactment of a portion of it, the re-enactment neutralizes the repeal so far as the old law is continued in force. It operates without interruption where the re-enactment takes effect at the same time."

In Ruling Case Law (25 R. C. L. pp. 934, 935), it is said:

"There is a slight diversity of opinion as to the effect of a repealing act on so much of the repealed act as is re-enacted in the former. In a few jurisdictions the rule has been laid down that the simultaneous repeal and re-enactment of a statute operate as a repeal and interruption of the former statute, and that rights and liabilities thereunder are not preserved and cannot be enforced. But the prevailing view is that where a statute is repealed and all, or some, of its provisions are at the same time re-enacted, the re-enactment neutralizes the repeal, and the provisions of the repealed act which are thus re-enacted continue in force without interruption, so that all rights and liabilities that have accrued thereunder are preserved and may be enforced. This rule applies where the re-enactment and repeal are by successive acts passed on the same day. The rule of construction applicable to acts which revise and consolidate other acts is, that when the revised and consolidated act re-enacts in the same or substantially the same terms the provisions of the act or acts so revised and consolidated, the

revision and consolidation shall be taken to be a continuation of the former act or acts, although the former act or acts may be expressly repealed by the revised and consolidated act; and all rights and liabilities under the former act or acts are preserved and may be enforced."

This court has recognized the correct rule to be as stated by these authorities. In Gull River Lumber Co. v. Lee, 7 N. D. 135, 138, 73 N. W. 430, this court said:—

"It is a well settled principle of law that where a statute is repealed, and the repealing statute, which goes into effect the moment the former is repealed, contains provisions identical, or practically identical, with those in the statute which is repealed, such provisions are not to be regarded as repealed, but rather as continuing in force without intermission."

In State ex rel. Scovil v. Moorhouse, 5 N. D. 412, 67 N. W. 140, this court held, that an express repeal contained in the Revised Codes of 1895, did not operate as a repeal of these provisions of chapter 132, Laws 1890 (relating to Revenue and Taxation) as related to the office of district assessors in unorganized territory. In the opinion in that case this court quoted with approval the following language used by the New York Court of Appeals in Smith v. People, 47 N. Y. 330:—

"The question whether a repeal of a prior statute, absolute in terms, can be limited in its operation and effect for any reason, has frequently arisen, and the decisions of the courts have been uniform that while the language of the repealing clause must be accepted as the expression of the will of the legislature, and effect given to it according to its terms, unless it appears, although the language of the appeal was general and unqualified, that it was intended to be used in a qualified or limited sense, that whenever that intent is discovered, effect must be given to it, as in the interpretation of other acts. Rex v. Rogers, 10 East, 569, 103 Eng. Reprint, 891; Warren v. Windle, 3 East, 205, 102 Eng. Reprint, 576. If the repeal of a statute is by express and positive terms, and there is no legitimate evidence in or out of the act of an intent to qualify and restrict the operation,—that is, no limitation or qualification, express or implied,—the only question is as to the effect of the repeal, and the rule is that, for all purposes, the law repealed is as if it had never existed. Miller's Case, 1 W. Bl. 451,

96 Eng. Reprint, 518; Butler v. Palmer, 1 Hill, 324; Maggs v. Hunt, 4 Bing. 212, 130 Eng. Reprint, 750; Surtees v. Ellison, 9 Barn. & C. 750, 109 Eng. Reprint, 278. A clause in a statute purporting to repeal other statutes is subject to the same rules of interpretation as other enactments, and the intent must prevail over literal interpretation. One part of an act of the legislature may be referred to in aid of the interpretation of other parts of the same act."

The rule stated and applied in State ex rel. Scovil v. Moorhouse, and Gull River Lumber Co. v. Lee, supra, was re-affirmed in Fargo v. Ross, 11 N. D. 369, 92 N. W. 449. It has been said that this rule is peculiarly applicable in the construction of an act "which is a revision and consolidation for clearness, certainty, and convenience of all the prior statutes on the subject, a partial codification to the purpose of which amendment or change was only incidental." Haspel v. O'Brien, 218 Pa. 146, 67 Atl. 123, 11 Ann. Cas. 470.

In our opinion, the rule announced in State ex rel. Scovil v. Moorhouse, supra, is applicable in and decisive of this case. Section 2 of chapter 56, Laws 1921, which has been quoted above, was re-enacted, with very slight change, as § 7 of chapter 199, Laws 1923. The latter act purports to be and is a revision of all prior legislation on the subject of depositaries of public funds, and was intended to be a codification of all the legislation on that subject. While there are some new provisions in the act, the fundamental provisions of chapter 56, Laws 1921, as regards depository bonds to be furnished to counties, and other political subdivisions, were re-enacted into chapter 199, Laws 1923. And aside from the express repeal clause, the latter enactment will be searched in vain for any evidence of legislative intention to abrogate the rules prescribed by chapter 56, Laws 1921, relating to bonds of depositaries of county funds. On the contrary the other provisions of chapter 56, Laws 1921 evidence an intention to continue in force the fundamental and substantial requirements of said chapter 56 relative to depositary bonds for county funds. Hence, when chapter 199, Laws 1923 is construed as a whole, it is, we think, quite clear that it evidences no legislative intention to repeal or abrogate the provisions of chapter 56, Laws 1921, relating to bonds given by depositaries of county funds; and that the intention of the legislature was to re-enact such provisions and amend them so as to read as set forth in chapter

199, Laws 1923. 1 Lewis's Sutherland, Stat. Constr. § 238. See, also Snattinger v. Topeka, 80 Kan. 341, 102 Pac. 508. And said chapter 199 should be construed so as to give effect to the actual legislative intent thus expressed. Accordingly, we are of the opinion that the bond sued on in this case continued to be a valid obligation on the part of the sureties, according to the terms of the bond, for any funds which the plaintiff county placed on deposit in the First National Bank of Sentinel Butte up to and including February 16, 1924.

The order appealed from is affirmed.

NUESSLE, BIRDZELL, BURKE, and JOHNSON, JJ., concur.