THE NORTHERN TRUST COMPANY, a Corporation, Plaintiff and Respondent, v. FIRST NATIONAL BANK OF SENTINEL BUTTE, et al., Defendants. WM. TRESTER and W. A. Hart, Defendants and Appellants.

(203 N. W. 321.)

This case is governed by the decision rendered in Golden Valley County v. Lundin, post, 420.

Opinion filed March 21, 1925.

Appeal from the district court of Golden Valley County, *Pugh,* J.

Defendants appeal from an order sustaining a demurrer to the complaint.

Affirmed.

*Simpson & Mackoff,* for appellants.

*Murtha & Sturgeon* and *Pierce, Tenneson, Cupler, & Stambaugh,* for respondent.

CHRISTIANSON, Ch. J. The plaintiff is a surety company organized under the laws of this state. The defendant, the First National Bank of Sentinel Butte was (during the time involved in this controversy) a national banking corporation, engaged in the banking business at Sen-

52 N. D.—27.

tinel Butte, in Golden Valley county, in this state. The complaint alleges that prior to January 25, 1922, the said First National Bank of Sentinel Butte, had been designated as one of the depositories for public moneys belonging to the said Golden Valley county; that on or about said 25th day of January 1922, the said plaintiff, as surety, executed and delivered to said Golden Valley county a depositary bond, in the sum of $6,000.00, by the terms of which said bank and the said plaintiff, as surety, promised and agreed that the bank should repay to said county, upon demand, all funds of the county deposited with said bank, payable on demand; that said bond was duly approved by the proper authorities of said Golden Valley county; that said First National Bank of Sentinel Butte was a regularly designated depository of the funds of said Golden Valley county at all times between the date of the acceptance and approval of said bond and the 17th day of January, 1924; that on that day said bank became and was insolvent and closed its doors, and was taken in charge by the Comptroller of the Currency; that there was on deposit in said bank county funds payable on demand in excess of $6,000.00; that at divers times between January 17, 1924 and March 8, 1924, Golden Valley county demanded said moneys from the said bank, but that no part thereof was paid, although the same were due and payable; that thereupon said Golden Valley county made demand upon the plaintiff that it pay to said county the amount of indemnity stipulated in the bond; that on March 8, 1924, said plaintiff did pay to said county the full amount of such indemnity, to-wit:—$6,000.00. The complaint further alleges that on or about January 3, 1922, the individual defendants named in this action, jointly, and severally, made, executed and delivered to the plaintiff their written undertaking and agreement, in words and figures as follows:

"INDEMNITY.

"In consideration of The Northern Trust Company issuing the bond herein applied for, we jointly and severally undertake and agree for ourselves, our heirs, executors and assigns:

"To pay the premium agreed upon, when this bond is accepted; to comply with the conditions established by said company for its own protection, and which have been, or which may hereafter be, set out in its by-laws or resolutions of its board of directors, especially waiving notice

or knowledge of the same; to indemnify and keep indemnified and to save harmless the said company from and against all loss, costs, suits, damages, counsel fees and expense of whatever nature, which said company may, for any cause, at any times, sustain or incur or be put to, for or by reason or in consequence of said company having entered into said bonds to pay said company upon demand any and all sums which it may in good faith pay, or cause to be paid to the beneficiary under said bond, upon an investigation which shall satisfy the officers of the said company that it is liable for a loss under the conditions of the same; and a voucher properly executed by the person to whom such payment is in good faith made, shall be conclusive evidence of the fact and the amount of our liability to the said company; to substitute in the event of our failure to comply with any conditions or covenant herein, other securities upon the bond herein applied for within fifteen days after notice given us by said company, of our default and the return of the unearned premium; to pay all costs and expenses which said company may incur in obtaining a release or discharge as surety upon this bond herein applied for, in case we fail to substitute other securities hereinbefore stated.

"This indemnity clause of this application is to be binding upon said corporation, and each and every individual signing this application shall be personally liable, jointly and severally upon this indemnity.

"Dated at Sentinel Butte, N. D., this 3rd day of January, 1922.

(The exact name of bank, The First National Bank of Sentinel Butte, Sentinel Butte, N. Dak.)

W. C. Stuhr, President.

Personal obligations to the above indemnity.

W. C. Stuhr, personally.

R. E. Bucknell, personally.

Wm. Trester, personally.

E. J. Curtin, personally.

W. A. Hart, personally.

(Corporate seal of First National Bank.)"

It is further alleged that the plaintiff has demanded of each of the defendants that they repay to the plaintiff the sum of $6,000.00, which the plaintiff was required, and did, pay to said Golden Valley county.

The defendants demurred to the complaint on the ground that it did not state facts sufficient to constitute a cause of action. The demurrer was overruled and the defendants have appealed.

The undertaking executed by the plaintiff was given pursuant to chapter 56, Laws 1921. Defendants contend that this chapter was repealed in toto by chapter 199, Laws 1923; and that when the latter chapter became operative all depositary bonds given under said chapter 56 forthwith terminated, and there was no obligation on the part of the surety on such bond for any funds deposited after said chapter 199 became effective. And it is argued that there was no legal obligation on the part of the plaintiff to pay the sum which it paid to Golden Valley county, and that consequently there is no legal obligation on the part of the defendants, under their agreement, to reimburse the plaintiff for whatever it paid to said Golden Valley county.

The question thus presented has been determined adversely to the contentions of the appellants in Golden Valley County v. Lundin, post, 203 N. W. 317, and the decision in that case is decisive of this. It follows that the complaint in this case states facts sufficient to constitute a cause of action for the amount which plaintiff alleges that it paid to Golden Valley county under the terms, and on account of the breach, of the depositary bond.

Order affirmed.

BIRDZELL, NUESSLE, BURKE, and JOHNSON, JJ., concur.