STATE, Respondent, v. REYNOLDS, Appellant.

(238 N. W. 142.)

(File No. 7021.   Opinion filed October 5, 1931.)

*Tom Kirby* and *John Lynch,* both of Sioux Falls, for Appellant.

*M. Q. Sharpe,* Attorney General, and *Frank W. Mitchell,* Assistant Attorney General, for the State.

MISER, C.  Appellant was convicted on an information charging him with keeping and storing intoxicating liquor on December

22, 1927, with the intent and purpose of evading the provisions of chapter 281 of the Laws of 1917. He admits that the proof showed his possession of, and that he broke with a hammer, a jug of whisky, then being seized by the officers at the time and place alleged, but he claims that he could not have had it with the intent and purpose of evading chapter 281 of the Laws of 1917 for the reason that, by section 10669, Rev. Code 1919, said chapter 281 had been repealed eight years prior to the commission of the acts charged against the defendant; that the words in the information, "with the intent and purpose of evading the provisions of chapter 281, Laws 1917," cannot be rejected as surplusage, because, if so rejected, no intent would have been pleaded; also that, inasmuch as the law, with the intent of evading which appellant was charged, had been repealed, he was charged with an act which was not a criminal offense.

Section 10299, Rev. Code 1919, is as follows: "Evasion Punished. The keeping, storing or giving away of intoxicating liquors, or any shift or device whatever to evade the provisions of this article, shall be deemed unlawful within the provisions of this article, and shall be punished as unlawful selling is punished."

Section 10299, Rev. Code 1919, is identical with section 71 of chapter 281, Laws 1917, excepting that, instead of the word "article" which occurs twice in the Code section, the word "act" is found in the Session Laws.

■ ■ It is generally held that the revision of a statute by re-enactment of a previous statute operates as a continuance of the former instead of a repeal and new enactment, this even though the revision expressly states that it repeals all prior statutes save those mentioned and excepted. State v. Prouty, 115 Iowa, 657, 84 N. W. 670; O'Brien County v. Hahon, 126 Iowa, 539, 102 N. W. 446; Pringle v. Canfield, 19 S. D. 506, 104 N. W. 223; 36 Cyc. 1085, 25 R. C. L. 935; Golden Valley County v. Lundin, 52 N. D. 420, 203 N. W. 317, 319; In re Grinnell, 117 Neb. 332, 220 N. W. 583. In Golden Valley Co. v. Lundin, supra, the North Dakota court, after quoting from 25 R. C. L. pages 934, 935, and 1 Lewis' Sutherland Stat. Const. 238, says: "This court has recognized the correct rule to be as stated by these authorities. In Gull River Lumber Co. v. Lee, 7 N. D. 135, 138, 73 N. W. 430, 431, this court said: 'It is a well settled principle of law that where a stat-

ute is repealed, and the repealing statute, which goes into effect the moment the former is repealed, contains provisions identical, or practically identical, with those in the statute which is repealed, such provisions are not to be regarded as repealed, but rather as continuing in force without intermission.'"

While it would have been better to have referred to the Prohibitory Law as section 10235 to 10328, Revised Code of 1919, the defendant could not have been misled by the information. The information demurred to could have left no doubt in defendant's mind that he was charged with the violation of the intoxicating liquor laws, and, specifically, that he was charged with keeping and storing intoxicating liquor with intent to evade the provisions of such law. Appellant was represented by able counsel, but, had his counsel been far less able, he could not have been misled by the information. Nor does counsel claim to have been misled. Reference to the index on page 2930, Rev. Code 1919, in effect in 1927, calls attention to the fact that evasion of intoxicating liquor laws is punished by reference to section 10299. Page 2818 of that Code gives section 71, chapter 281, Laws of 1917, as corresponding to section 10299, Rev. Code 1919. Just beneath the Code section itself, its source is given as section 71, chapter 281, 1917. Furthermore, neither in the formal demurrer filed nor in the objection to the reception of evidence did the appellant specifically advise the trial court of the claimed defect in the information. Not until the motion in arrest of judgment was the trial court advised that the claimed insufficiency of the information was that it attempted to charge an offense under chapter 281 of the Laws of 1917 after said chapter had been repealed by the adoption of the Revised Code of 1919.

Section 4726 prescribes that no information shall be held to be insufficient by reason of a defect or imperfection in matter of form which does not tend to the prejudice of the substantial rights of the defendant upon the merits.

We are of the opinion that the judgment and order appealed from should be, and they are, affirmed.

POLLEY, P. J., and CAMPBELL and WARREN, JJ., concur.

ROBERTS and RUDOLPH, JJ., disqualified and not sitting.