## CIRCUIT COURT OF THE CITY OF ROANOKE

Sara Wallace Deaton

v.

John C. Wallace,
Executor and Trustee
under the Will of
John Samuel Henritze, et al.

March 31, 1997

Case No. CL96-337

BY JUDGE ROBERT P. DOHERTY, JR.

Defendant's decedent, John Samuel Henritze, died testate December 2, 1982. His estate consisted of numerous assets, including 150 shares of common stock in Security National Bank of Roanoke. The provision of the will concerning the bank stock is as follows: "I give and bequeath unto my niece, Sara Wallace Deaton ... all of my shares of stock in the Security National Bank of Roanoke now consisting of one hundred shares (100) of said stock." The Plaintiff, who is the beneficiary of the stock, claims that she did not receive full distribution and that she is entitled to the balance of the original 150 shares of bank stock, or their money equivalent, together with damages consisting of the income and appreciation of said stock from the date of death and/or distribution until now. The stock, through mergers and splits, was for awhile United Virginia Bank shares and then Crestar Bank stock. On or before November 27, 1984, the decedent's estate distributed 100 shares of United Virginia Bank stock to the Plaintiff, retaining 50 shares for the benefit of a testamentary trust. The total of the 150 shares of United Virginia Bank represented all of the original shares of the Security National Bank of Roanoke available on the date of the decedent's death and/or date of distribution. Three different accountings have previously been posted and filed, with no objection having been made. Defendant claims that if damages are assessed, they should be no more than the appreciated value of the stock on the date that it was sold,

that being September 7, 1987. At the date of sale, the remaining 50 shares had, through merger and split, become 200 shares of Crestar Bank stock valued at 30.625 per share, or a total of $5,711.23. Plaintiff claims that the same 50 shares would have by now appreciated to $14,155.50, and that should be the figure used for damages. The Plaintiff's position is correct.

### Issues

1. Should the Plaintiff recover 100% of the bank stock available at the date of the decedent's death and/or the distribution date?
2. What constitutes reasonable damages to the Plaintiff?

I. The language used in the quoted portion of decedent's will were not words of limitation, instead they were words of explanation of the decedent's then current holdings. By using that language, the decedent was telling us that he expected the amount of shares to change, either by split, purchase, sale, or by any other method. When he said all of the stock was to go to his niece, that was exactly what he meant.

I find that the appreciation of the stock as of the date of decedent's death from 100 shares to 150 shares in either Security National or United Virginia Bank simply increased the amount of stock that was to be distributed to the Plaintiff under the terms of the will. Since there is no material difference in the construction of a will or a contract, *Blevin v. Blevin*, 167 Va. 355 (1937), the case of *Snyder v. Exum*, 227 Va. 373 (1984), is applicable as follows:

> With regard to the question whether the provision was optional or mandatory, we conclude the provision was written in clear and unequivocal language and that it means what it says ... . The language is the language of command and was mandatory, not optional. Were we to reach a different conclusion, we would have to distort reality and, in effect, make a new [will] for the part[y].

Sara Wallace Deaton is entitled to all of the stock owned by the decedent at the date of his death. Since she received only 100 shares out of the original 150 shares, she should have the remaining 50 shares or their money equivalent, plus any damages she sustained for the wrongful withholding, transferred to her at this time.

II. The issue of the amount of damages is governed by the concept of "fundamental fairness," a theory that underlies and is basic to our system of

jurisprudence. The Plaintiff has proven a wrongful act on the part of the Defendant for failure to deliver all of the stock left to her by the testator. She is entitled to damages for the wrongful withholding of 50 shares of stock in Security National Bank of Roanoke on November 27, 1984. Defendant claims those damages should cease and should be fixed as of September 7, 1987, the date which the Defendant estate sold the remaining shares of stock for the sum of $5,711.23. The Plaintiff says that the damages she is entitled to is $14,155.50, that being the appreciated value of the stocks had they been delivered to her today, or had she been given all of the remaining stock on the distribution date.

A case cited by the Plaintiff, *Whitehead v. Cape Henry Syndicate*, 111 Va. 193 (1910), deals with prospective profits lost, but the same rulings would have been made regarding retrospective profits, as in the case now being decided. *Whitehead, supra*, starting on page 195, reads in pertinent part as follows:

> A Plaintiff is entitled to recover all such damages as are the natural proximate result of the wrongful act of which he complains ... . Profits are not excluded from recovery because they are profits, but when excluded, it is because there is no criteria by which their amount can be ascertained with reasonable certainty or definiteness. When prospective [or retroactive] profits or gains can be so proved and their loss is the natural and proximate result of the wrongful act complained of, they may be recovered.

In the instant case, the natural and proximate profits, in retrospect, can easily be traced. The value of the stock has risen dramatically from the date of the original distribution. By stock splits, mergers, and dividends, the stock value has climbed to $14,155.50. The measure of damages is what the stock is worth now and not what the estate sold it for. The Plaintiff's position is upheld.