## CIRCUIT COURT OF FAIRFAX COUNTY

Deborah L. Bean

v.

Marjorie A. O'Connell

February 3, 2000

Case No. (Law) 177890

BY JUDGE HENRY E. HUDSON

This case is before the Court on the Defendant's Motion to Vacate Final Order. Both sides have submitted detailed memoranda. The Court heard oral argument on January 27, 2000, and took the Defendant's motion under advisement.

Plaintiff brought suit against her former lawyer for professional negligence, actual fraud, constructive fraud, and breach of fiduciary duty. Defendant failed to file an answer within the allotted time, and a default judgment was entered against her. The case then proceeded to trial on the issue of damages. The jury returned a verdict awarding damages to the plaintiff in the amount of $400,000.00 compensatory and $1,000,000.00 punitive, plus interest. In accordance with the statutory cap, the court entered judgment for the plaintiff in the amount of $400,000.00 in compensatory damages and $350,000.00 in punitive damages, plus interest as set by the jury.

Several witnesses testified before the jury on the issue of damages, including an expert on Virginia domestic relations practice, as well as the attorney who succeeded the defendant as counsel in the plaintiff's divorce case, and the plaintiff herself. Plaintiff contended that the defendant misrepresented her experience litigating domestic relations cases in Virginia, negligently performed legal services, failed to refer the plaintiff to Virginia counsel, and grossly over-billed the plaintiff for services rendered. Plaintiff also claimed damages for defendant's failure to timely convey her files to successor counsel.

In addition to awarding damages in the amount of 1.4 million dollars, the jury also recommended that the defendant be disbarred. The evidence presented to the jury obviously portrayed the defendant in an extremely unfavorable light and cast her professional competence in doubt.

The defendant was not present at the trial on damages and contends even today that she never received the Motion for Judgment in this case. Her motion to set aside the default judgment was denied by another judge of this court after an evidentiary hearing.

In her immediate Motion to Vacate Final Order, defendant contends that the amount of damages awarded is facially excessive, not supported by the evidence, exceeds the *ad damnum* clause, and is the product of passion rather than precision. Defendant further argues that plaintiff miscalculated certain damages claimed, sought duplicative damages in several counts of her Motion for Judgment, and that defendant had meritorious defenses to the quantum of damages awarded.

For several reasons, the Court believes the jury verdict on damages should be set aside and the defendant awarded a new trial on that issue.

First, after a careful review of the evidence offered at the trial on damages, the Court concludes that as a matter of law, the amount awarded by the jury was excessive. Under § 8.01-383, Code of Virginia, 1950, as amended, this finding alone requires the court to award a new trial on damages. Additionally, the jury's recommendation that the defendant be disbarred, coupled with the succession of unrebutted evidence denigrating the defendant's professional competence, leads to the inescapable conclusion that passion infected the verdict. This is a further ground that compels a new trial in this case. *See Hogan v. Carter*, 226 Va. 361, 373 (1983).

The Court also believes that fundamental fairness is a significant element of the analysis. In *Rawle v. McIlhenny*, 163 Va. 735, 750 (1934), a seminal case on the court's power to set aside a jury verdict, the Supreme Court of Virginia specifically notes that a new trial may be granted if the ends of justice would be better promoted. *See also, Rutherford v. Zearfoss*, 221 Va. 685, 690 (1980). When the court concludes that a verdict is not the product of fairness and impartiality, it has a duty to correct the injustice. *Smithey v. Sinclair Refining Co.*, 203 Va. 142, 148 (1961).

The Defendant in this case is an attorney with a nationwide reputation in the area of divorce-related tax issues. The damage award and adverse publicity in this case have undoubtedly blemished her reputation. Liability was decided by default judgment, and $750,000.00 in damages was awarded in her absence. Her side of the story has never been told. Fundamental notions of justice dictate a new trial on the issue of damages.

The Defendant's Motion to Vacate Final Order is therefore granted; the jury verdict is set aside, and a new trial is awarded on damages.