# CIRCUIT COURT OF THE CITY OF ROANOKE

Shenandoah Life Ins. Co.

v.

The Rescue Mission
of Roanoke, Inc.,
and the Unknown Heirs
of Roslyn M. Harvey, Jr.

March 16, 2006

Case No. (Chancery) 05-829

BY JUDGE JONATHAN M. APGAR

In this interpleader action, the Shenandoah Life Insurance Co. asks the Court to determine the appropriate beneficiary for certain life insurance proceeds of the late Roslyn M. Harvey, Jr., who was insured under his employer's group life insurance policy.

I. *Facts*

Prior to his death on August 17, 2005, Harvey was employed as a truck-driver for the Rescue Mission of Roanoke, Inc., a non-stock Virginia corporation in the City of Roanoke. As a benefit of his employment, Harvey was enrolled in a group life insurance plan, in which he designated his then wife, Nancy T. Harvey, as the beneficiary of the proceeds.

In February 2001, after he and his wife separated, Harvey filed a form with Shenandoah naming the Rescue Mission as the new beneficiary, signifying his "relationship" to it as a "charitable organization." Employee Group Insurance Change Request Form, Bill Interpleader, Ex. C. (purporting to change beneficiary to the Rescue Mission). Shenandoah accepted this

change in beneficiary without objection. Roslyn and Nancy Harvey were later divorced by decree dated December 10, 2002.

After Harvey's expiration in 2005, the Rescue Mission filed a claim with Shenandoah for the life insurance proceeds. Recognizing that the Rescue Mission was Harvey's employer and that Va. Code § 38.2-3318.1 (2006) has language indicating that no group life insurance policy may be delivered to an employer where the proceeds are for the benefit of the employer, Shenandoah brought an interpleader action requesting that this Court determine the proper beneficiary. Va. Code § 38.2-3318.1 currently provides, in pertinent part, that:

> no policy of group life insurance shall be delivered in this Commonwealth unless it conforms to one of the following descriptions: A. A policy issued to an employer ... *to insure employees of the employer for the benefit of persons other than the employer....*

(Emphasis added.)

The Rescue Mission answered, raised special pleas, and filed a cross-bill against the unknown heirs of Roslyn M. Harvey, Jr., to ascertain whether there were any interested persons, this Court ordered the unknown heirs at law to appear on February 3, 2006, at a hearing, that the order be published once a week for four consecutive weeks in the *Roanoke Times* newspaper, and be posted at the front door of the courthouse.

At the hearing on February 3, no potential claimants, other than the Rescue Mission, appeared and this Court ordered the Clerk to accept the funds, amounting to $20,279.45 ($20,000.00 plus interest in the amount of 3% from the date of Harvey's death), in an interest bearing account, pending further action by the Court.

The immediate question is whether an employee may voluntarily designate his employer, which is a charitable organization, as the beneficiary of the company's group life insurance policy without violating Va. Code § 38.2-3318.1. In this case of first impression, I hold that an employee may, when done voluntarily and when the employer is a charitable organization, designate his employer as the beneficiary without violating this code section.

## II. *Discussion*

Following the lead of the Supreme Court of Virginia, the intent of the General Assembly is paramount when interpreting a statute, which "is usually self-evident from the words used in the statute." *Boynton v. Kilgore*, 271 Va.

220, 227, 623 S.E.2d 922, 2006 Va. LEXIS 2, *11-12 (Va. Jan. 13, 2006) (citing *Chase v. DaimlerChrysler Corp.*, 266 Va. 544, 547, 587 S.E.2d 521, 522 (2003)). The plain language governs, unless there is an ambiguity in the terms or when the plain language would lead to an absurd result. *Boynton*, 271 Va. at 227, 2006 Va. LEXIS 2, at *12. An "[a]mbiguity exists if the text can be understood in more than one way or refers to one or more things simultaneously or when the language is difficult to comprehend, is of doubtful import, or lacks clearness or definiteness." *Boynton*, 271 Va. at 227, n. 8, 2006 Va. LEXIS 2, at *12, n. 8 (quoting *Brown v. Lukhard*, 229 Va. 316, 321, 330 S.E.2d 84, 87 (1985) (internal quotations omitted). An absurd result exists in "situations in which the law [is] internally inconsistent or otherwise incapable of operation." *Boynton*, 271 Va. at 227, n. 9, 2006 Va. LEXIS at *12, n. 9 (quoting *Cook v. Commonwealth*, 268 Va. 111, 116, 597 S.E.2d 84, 87 (2004)) (internal quotations omitted). When either exists, courts may "resort to legislative history and extrinsic facts ... to determine ... meaning." *Brown*, 229 Va. at 321, 330 S.E.2d at 87.

Va. Code § 38.2-3318.1 basically sets out the types of *group* life insurance considered valid in the Commonwealth. It provides, in pertinent part, that "no policy of group life insurance shall be delivered in this Commonwealth unless it conforms to one of the following descriptions: A. A policy issued to an employer ... *to insure employees of the employer for the benefit of persons other than the employer.*" Va. Code § 38.2-3318.1 (emphasis added).

The italicized portion is ambiguous because: (1) *it can be understood in more than one way, i.e.*, it could be understood as only prohibiting an overreaching employer from requiring the employee to name the employer as beneficiary when the policy is issued or as a wholesale prohibition; (2) *it is of doubtful import* that the General Assembly would wholly prohibit an employee from naming his employer as the beneficiary, especially when the employer is a charitable organization; and (3) *it lacks clearness and definiteness, i.e.*, it does not state that an employer may not be named "under any and all circumstances," such as voluntarily. Similarly, it would seem absurd, where an insured's intent in naming a beneficiary is given such

substantial credence in Virginia law,[1] that the General Assembly sought to wholly prohibit an employee-insured from naming his employer as beneficiary, when done *voluntarily* and when the employer is a *charitable organization*.

Resort to the legislative history of § 38.2-3318.1 is unavailing. Since its first enactment in 1934, the language has essentially stayed the same but for an occasional recodification. The 1934 enactment provided that a group life insurance policy was "that form of life insurance ... written under a policy issued to the employer ... *for the benefit of persons other than the employer*." 1934 Va. Acts ch. 288 (introduced as S.B. 213, 1934 Reg. Sess. (Va. 1934) and codified as amended at Va. Code Chap. 169, § 4258-h (Supp. 1934)). The provision was then recodified in 1952, 1960, 1986, and 1998, all of which retained the phrase "for the benefit of persons other than the employer." *See* 1952 Va. Acts ch. 317 (codified as amended at Va. Code § 38-472 (1952)); 1960 Va. Acts ch. 272 (codified as amended at Va. Code § 38.1-472 (1981)); 1986 Va. Acts ch. 562 (codified as amended at Va. Code § 38.2-3320 (1986)); 1998 Va. Acts ch. 154 (codified as amended at Code § 38.2-3318.1 (1999)).

Resort to extrinsic facts is availing, however. The clear concern of the General Assembly was that employers would establish group life insurance plans to attract employees and then force the employee to name the employer as beneficiary. This overreaching wholly extinguishes the right of the employee to name a beneficiary, *i.e.*, the employment benefit is no longer owed to the employee, but becomes that of the employer. It is rather unlikely, however, that the General Assembly meant to wholly prohibit an employee from naming his employer, such as in this case, where it was done *voluntarily* and when the employer is a *charity*. Furthermore, the prohibitory rule on naming an employer as a beneficiary only applies to group life insurance, and not to individual life insurance, where an insured can name an employer unfettered, suggesting the intent was to prevent overreaching by the employer.

---

[1] *See Vellines v. Ely*, 185 Va. 889, 897, 41 S.E.2d 21, 25 (1947) ("When an insured pays the full contract price for an insurance policy and reserves the right to change the beneficiary at will, such contract is the absolute property of the insured and he should have the same right to dispose of such property as he has to bequeath and devise his other assets.") (quoting *Smith v. Coleman*, 184 Va. 259, 267-68, 35 S.E.2d 107, 111 (1945)). *See also Smith*, 184 Va. at 267, 35 S.E.2d at 111 (1945) ("The general rule is that every person has an insurable interest in his own life and may ... in the absence of a statute, insure it in good faith for the benefit of any person whom he sees fit to name as the beneficiary.").

In some cases, as here, an insured might designate his employer as the beneficiary of the proceeds because he is without any heirs at law and holds some esteem for his employer. If the insured's intent is not given effect, the property escheats to the Commonwealth, something generally disfavored in the law. *See* The Uniform Disposition of Unclaimed Property Act, Code §§ 55-210.1 to 55-210.30 (2006). *See United States v. 198.73 Acres of Land*, 800 F.2d 434, 435-36 (4th Cir. 1986) (quoted favorably in *McDonald v. Treasurer of Va.*, 26 Va. Cir. 75, 76-77 (City Richmond 1991)). But moreover, it is clear that Mr. Harvey intended to designate the Rescue Mission as the beneficiary, not just because it was his employer, but because it was a "charitable organization," which is what he designated it as under the "relationship" heading of the request to change beneficiary form. *See* Employee Group Insurance Change Request Form, Bill Interpleader, Ex. C. (purporting to change beneficiary to the Rescue Mission).

Finally, notions of fundamental fairness under the due process clauses of the U.S. and Virginia Constitutions require deference to Mr. Harvey's intent, since § 38.2-3318.1 is ambiguous. *See* U.S. Const., amend. XIV, § 1, cl. 3; Va. Const., art. 1, § 11, cl. 1. *See also Powroznick v. Mozingo*, 24 Va. Cir. 297, 298-300 (Westmoreland County 1991) (testator's intent controls in interpreting will and concepts of fundamental fairness require enforcing intent); *Deaton v. Wallace*, 41 Va. Cir. 555, 556-57 (City of Roanoke 1997) (Doherty, J.) ("[T]he amount of damages is governed by the concept of 'fundamental fairness,' a theory that underlies and is basic to our system of jurisprudence."); *Bean v. O'Connell*, 52 Va. Cir. 45 (Fairfax County 2000) (concept of fundamental fairness employed in granting new trial where verdict was unjust).

If Mr. Harvey were aware of § 38.2-3318.1, he may well have employed some other mechanism to ensure the proceeds, *i.e.*, intangible property, were delivered to the Rescue Mission. As "equity, considering that as done which ought to be done, will treat the change [of beneficiary] as actually made when the insured has done all that he could to meet the conditions for change required by the policy," the result should not be different where a statute is ambiguous and leads to an absurd result. *Vellines*, 185 Va. at 897-98, 41 S.E.2d at 25 (quoting *Reid v. Durboraw*, 272 F. 99, 101 (1921)). That is not to say, however, that an employer can require its employees to name it as the beneficiary, which is clearly prohibited by § 38.2-3318.1. But in the case where the insured employee does so voluntarily and the employer happens to be a charity, the purpose of § 38.2-3318.1 is not offended.

The Rescue Mission is entitled to the life insurance proceeds because Roslyn Harvey made the beneficiary designation voluntarily and for charitable purposes.