PRESENT:  Lemons, C.J., Goodwyn, Mims, Powell, Kelsey, McCullough, JJ., and Millette, S.J.

JERMICA SHONDAL TAYLOR

v.  Record No. 181684

OPINION BY
SENIOR JUSTICE LEROY F. MILLETTE, JR.
February 6, 2020

COMMONWEALTH OF VIRGINIA

FROM THE COURT OF APPEALS OF VIRGINIA

The issue in this appeal is whether one can commit attempted identity theft under Code § 18.2-186.3 when using his or her own identifying information to obtain money.  Defendant Jermica Shondal Taylor stole a check, made it payable to herself for a certain amount, forged the account owner's signature and, using her own driver's license as identification, presented it to a bank teller for cash, but left the bank before completing the transaction.  Taylor argues that the General Assembly did not intend for the identity theft statute to apply because she did not misrepresent her identity when attempting to cash the check and therefore the evidence was insufficient as a matter of law to convict her of attempted identity theft.  We conclude such action constituted attempted identity theft under the plain meaning of the statute and that the Commonwealth's evidence was sufficient to convict the defendant.

## I.  BACKGROUND

On November 5, 2015, Sandra Clements returned to her home at approximately 12:15 p.m. to find it burglarized.  She discovered that cash, jewelry, her cell phone, and extra checkbooks and check registers were missing.  Clements called the police.  A few hours after the burglary at Clements' residence, Taylor entered the Old Point National Bank in the City of Hampton and attempted to cash a check associated with Clements' bank account.  The check was made payable to Taylor and she presented her own driver's license to the bank teller.

The bank teller suspected the check was invalid because the handwriting on the front of the check was not uniform. The bank teller asked Taylor to wait and then called Clements. Clements, in turn, asked the bank teller to speak with the police who were at Clements' home investigating the burglary. While the teller was on the phone, Taylor left the bank without retrieving the check or any cash.

Taylor was tried by the court upon an indictment charging attempted identity theft under Code § 18.2-186.3. At trial, the bank teller related her suspicions about the check and, based on her handwritten notation of Taylor's driver's license number on the back, identified it as the check Taylor had attempted to cash. Clements testified that she did not know Taylor and had not authorized the check made payable to Taylor.

Taylor acknowledged trying to cash the check, but claimed the check was payment for a television she sold to a woman named "Sug." Taylor testified that she accepted the check despite not knowing the woman or her actual name because she was in need of money and that she walked away from the bank because she "got scared" and thought "something must be wrong."

Taylor's counsel moved to strike the evidence as to attempted identity theft, arguing that Taylor did not illegally obtain or access Clements' identifying information in order to obtain money or goods. Rather, Taylor presented herself as the payee without any misrepresentation as to who she was or without assuming the identity of Clements.

The Commonwealth argued that the statute requires a person, with the intent to defraud, to unlawfully attempt to obtain money or goods through the use of the identifying information of another person without that person's authorization or permission to do so. The evidence showed that Taylor, without permission or authorization, used Clements' check, which contained her

name and account number, in an attempt to obtain money. The Commonwealth argued that it did not matter that Taylor did not pretend to be Clements, only that Taylor clearly used Clements' identifying information, without Clements' authorization, in an attempt to obtain money.

The trial court denied this motion, as well as Taylor's renewed motion to strike the evidence as insufficient for attempted identity theft at the end of all the evidence, and found Taylor guilty as charged.* Taylor appealed to the Court of Appeals, arguing that the trial court erred in denying her motions to strike the evidence on attempted identity theft because she used only her name when attempting to cash the stolen check, which according to Taylor did not constitute use of another's identifying information. In an unpublished opinion, the Court of Appeals affirmed Taylor's conviction, finding Taylor's reading of the statute strained. *Taylor v. Commonwealth,* Record No. 1855-17-1, 2018 WL 6313725, at *1 (December 4, 2018). Noting that the check bore Clements' name and bank account number, which is enumerated in subsection (C) of the statute as "identifying information," and that even though Taylor did not misrepresent her identity to the bank teller, she nevertheless attempted to "use" these pieces of Clements' identifying information to obtain money. *Id.* at *2. Without such information, reasoned the court, the check would not have been useful to Taylor to obtain money. *Id.* The court concluded this application was the "plain, obvious, and rational meaning" of Code § 18.2-186.3(A)(2) and therefore the trial court's conclusion to convict Taylor was supported by the evidence and not plainly wrong. *Id.* at *2.

---

\* Taylor's additional convictions for grand larceny, Code § 18.2-95, attempted uttering, Code § 18.2-172, breaking and entering, Code § 18.2-91, forgery, Code § 18.2-172 and attempted false pretenses, Code § 18.2-178, are not at issue in this appeal.

In her appeal, Taylor maintains that the Commonwealth's evidence was insufficient as a matter of law to prove attempted identity theft because Taylor never misrepresented her identity to the bank teller. Her counsel acknowledges that because Taylor signed Clements' name to the check, she misused the name of another person, but argues that such misuse did not amount to identity theft as that term is commonly understood, which he submitted requires the misappropriation of the identity of another or that one must "pass off oneself as someone else." Counsel urged that it could not be the legislature's intention, in enacting Code § 18.2-186.3, that all forgery or simply the use of another's name alone, which is enumerated as "identifying information" in subsection (C), constitutes identity theft. *Id.* He contended if that were so, one could commit identity theft simply by referencing another's name. Counsel illustrated his point by hypothesizing that if he were to obtain or try to obtain money for investments in a product by using the name of a well-known and successful investor to promote the product, without that investor's authorization or permission, he could be guilty of identity theft because he used "identifying information" in an effort to obtain money. Such result, argued Taylor, would be a manifest absurdity. According to Taylor, Code § 18.2-186.3 therefore does not apply under the facts here and it was error for the Court of Appeals to apply it so broadly. We disagree.

## II. DISCUSSION

"Under well-established principles, an issue of statutory interpretation is a pure question of law which we review de novo." *Conyers v. Martial Arts World of Richmond, Inc.*, 273 Va. 96, 104 (2007). "When the language of a statute is unambiguous, we are bound by its plain meaning." *Id*. "In interpreting [a] statute, 'courts apply the plain meaning . . . unless the terms are ambiguous or applying the plain language would lead to an absurd result.'" *Baker v. Commonwealth*, 284 Va. 572, 576 (2012) (quoting *Boynton v. Kilgore*, 271 Va. 220, 227 (2006)).

4

Code § 18.2-186.3 is entitled "Identity theft; penalty; restitution; victim assistance." In pertinent part, it provides:

A. It shall be unlawful for any person, without the authorization or permission of the person or persons who are the subjects of the identifying information, with the intent to defraud, for his own use or the use of a third person, to:

. . . .

   2. Obtain money, credit, loans, goods, or services through the use of identifying information of such other person;

. . . .

B. It shall be unlawful for any person without the authorization or permission of the person who is the subject of the identifying information, with the intent to sell or distribute the information to another to:

. . . .

   2. Obtain money, credit, loans, goods, or services through the use of identifying information of such other person;

. . . .

C. As used in this section, "identifying information" shall include but not be limited to: (i) name; (ii) date of birth; (iii) social security number; (iv) driver's license number; (v) bank account numbers; . . . (ix) automated or electronic signatures; . . . or (xiii) any other numbers or information that can be used to access a person's financial resources, obtain identification, act as identification, or obtain money, credit, loans, goods, or services.

To determine whether statutory language is ambiguous, the Court must consider whether the text can be "understood in more than one way or refers to two or more things simultaneously [or] whe[ther] the language is difficult to comprehend, is of doubtful import, or lacks clearness or definiteness." *Boynton*, 271 Va. at 227 n. 8 (citation omitted). The term "use" in Code § 18.2-186.3(A)(2) is not ambiguous. *See id.* Accordingly, we apply the plain language of the statute. *Id.* "[A]n undefined term must be given its ordinary meaning, given the context in which it is used. Furthermore, the plain, obvious, and rational meaning of a statute is to be

5

preferred over any curious, narrow, or strained construction, and a statute should never be construed in a way that leads to absurd results." *Lawlor v. Commonwealth*, 285 Va. 187, 237 (2013) (citation omitted).

In this instance, we find the phrase "through the use of information" to be plain and unambiguous. The plain definition of "use" is to "employ," Webster's Third New International Dictionary 2523 (1993), and we see no compelling mandate in the statute to adopt another definition.

Accordingly, we conclude that Taylor's unauthorized employment of Clements' identifying information, as defined by subsection (C) of the statute (her name and bank account number), with the intent to defraud in an attempt to obtain money clearly falls within the plain language of the statute. The evidence therefore was sufficient to support Taylor's conviction for attempted identity theft under Code § 18.2-186.3.

To be sure, had Taylor attempted, with the intent to defraud, to "pass off" herself as Clements to obtain money, goods, or services, without authorization or permission from Clements that too would have constituted the use of Clements' identifying information as contemplated by the plain language of the statute and thus be sufficient to support a conviction for identity theft. Taylor's argument limiting the elements of identity theft under the statute to such action fails to advance her defense. Rather, it ignores the plain language of the statute and is a strained and unduly restrictive construction. Our prior decisions foreclose such an interpretation of Code § 18.2-186.3. *McGinnis v. Commonwealth*, 296 Va. 489, 504 (2018) (a defendant may not benefit from an unreasonably restrictive interpretation of a penal statute); *Blake v. Commonwealth*, 288 Va. 375, 386 (2014) (same).

6

Taylor presented a hypothetical situation when the use of one's name alone, without the authorization or permission from the person who is the subject of the identifying information, to obtain money may violate the statute. This hypothetical presents the potential for one, perhaps unwittingly, to commit identity theft under subsection (B) of Code § 18.2-186.3 due to the absence of the requirement in subsection (B) that such unauthorized use also be combined with "the intent to defraud," as is present in subsection (A). However, the facts in this case fall under subsection (A) and not subsection (B). In addition, Taylor's hypothetical does not demonstrate that the statute is patently unworkable or that it yields a manifest absurdity, as Taylor argues. Any question, therefore, that subsection (B) may be susceptible to an application not intended by the General Assembly is not a question before this Court and instead is a question best addressed by and reserved for the General Assembly.

### III. CONCLUSION

Accordingly, for the foregoing reasons we will affirm the judgment of the Court of Appeals upholding the trial court's conviction of Taylor of attempted identity theft under Code § 18.2-186.3.

*Affirmed.*