# VIRGINIA:

*In the Supreme Court of Virginia held at the Supreme Court Building in the City of Richmond on Thursday the 5th day of August, 2021.*

Mary Barnes, et al.,                                                                                    Appellants,

 against        Record No. 200990
               Court of Appeals No. 0204-20-4

John Berry,                                                                                              Appellee.

                                                  Upon an appeal from a judgment
                                                  rendered by the Court of Appeals of
                                                  Virginia.

        Upon consideration of the record, briefs, and argument of counsel, the Court is of the opinion that there is no reversible error in the judgment of the Court of Appeals.  Accordingly, the Court affirms the judgment of the Court of Appeals for the reasons stated in *Berry v. Barnes*, 72 Va. App. 281, 295 (2020).

        This order shall be published in the Virginia Reports and certified to the Court of Appeals of Virginia and the Circuit Court of Arlington County.

JUSTICE MIMS, dissenting.

        The majority finds that there was no error in the decision of the Court of Appeals, which based its decision on its belief that Code § 63.2-1250(E) is unambiguous.  That section reads, "Registration is timely if it is received by the Department within (i) 10 days of the child's birth or (ii) the time specified in subsection C or F."  Subsection C provides a deadline to register for unacknowledged birth fathers who discover that the birth mother misrepresented that the "(i) the pregnancy was terminated or the mother miscarried when in fact the baby was born or (ii) the child died when in fact the child is alive."  Subsection F provides a deadline to register of 10 days from the receipt of personal service of written notice or 13 days of the certified mailing date of written notice for birth fathers whose identity and whereabouts are "reasonably ascertainable." Because I believe the statute is ambiguous and the Court of Appeals' interpretation does not accurately represent the intention of the General Assembly, I respectfully dissent.

In interpreting a statute, courts "ascertain and give effect to the intention of the legislature." *Boynton v. Kilgore*, 271 Va. 220, 227 (2006). When a statute is clear and unambiguous, we rely on the plain meaning of the language in determining intent. *Lynchburg Div. of Soc. Servs. v. Cook*, 276 Va. 465, 480 (2008). "[C]ourts apply the plain language of a statute unless the terms are ambiguous, or applying the plain language would lead to an absurd result." *Boynton*, 271 Va. at 227 (citations omitted).

Language is ambiguous when it "admits of being understood in more than one way or refers to two or more things simultaneously," *Travelers Prop. Cas. Co. of Am. v. Ely*, 276 Va. 339, 344 (2008), or when the language is "difficult to comprehend, is of doubtful import, or lacks clearness and definiteness." *Newberry Station Homeowners Ass'n v. Bd. of Supervisors*, 285 Va. 604, 614 (2013) (quoting *Ayres v. Harleysville Mut. Casualty Co.*, 172 Va. 383, 393 (1939)). This Court recently recognized the difficulties often presented by the use of words like "and" and "or" that can be read as either conjunctive or disjunctive in a statute. *See Barr v. Atlantic Coast Pipeline*, 195 Va. 522, 530 n.3 (2018). Here, the "or" in Code § 63.2-1250(E) could reasonably be interpreted as meaning either "or if the birth father chooses" or "or if no other deadline applies." Thus, the statute is ambiguous.

Moreover, the appellant argues, and the appellee admitted at oral argument, that the likely intention of the General Assembly in enacting the statute was to create deadlines that govern different classes of birth fathers rather than to give certain classes of birth fathers two deadlines from which to choose. I believe this is the most logical interpretation of the statute.

As the parties acknowledged at oral argument, the statute as interpreted by the Court of Appeals could lead to confusion for birth fathers as to the applicable deadline for asserting their legal rights regarding their children. It is my earnest hope that the General Assembly will revisit this statute in its next session to remedy this ambiguity and provide clarity for all parties involved in these consequential adoption cases.

A Copy,

Teste:

*Muriel Mustking*

Acting Clerk

2