COURT OF APPEALS OF VIRGINIA

Present:   Chief Judge Decker, Judge AtLee and Senior Judge Haley
Argued at Fredericksburg, Virginia

CENK SIDAR

v.        Record No. 0837-23-4

OPINION BY
JUDGE JAMES W. HALEY, JR.
APRIL 16, 2024

JANE DOE

FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
Randy I. Bellows, Judge

> John D. Perry (Mariam W. Tadros; Alexandros K. Mitrakas;
> Womble, Bond, Dickinson (US) LLP; MDE Law Group, PLLC, on
> brief), for appellant.
>
> Walter E. Steimel, Jr. (Thomas F. Urban, II; Steimel Counselors Law
> Group PLLC; Fletcher, Heald & Hildreth, PLC, on brief), for
> appellee.

Cenk Sidar appeals the circuit court's judgment ordering him to pay $35,000 of Jane Doe's

attorney fees, which she incurred in responding to Sidar's petition for appeal to the Supreme Court

of Virginia. Rule 1:1A permits an appellee to seek attorney fees and costs if the "final appellate

judgment [is] favorable to [the] appellee," but "the application must be filed [in the circuit court]

within 30 days after entry of [the] final appellate judgment." Rule 1:1A(a). Sidar argues that the

court erred in finding that Doe's application for attorney fees was timely filed and authorized by

Rule 1:1A. For the following reasons, we reverse the circuit court's ruling.

The relevant facts can be succinctly stated. Jane Doe sued Cenk Sidar for several egregious intentional torts.[2] The circuit court denied Sidar's motion to dismiss for lack of personal jurisdiction and, finding that the motion lacked a "legitimate basis in either fact or law," ordered Sidar to pay $45,596.06 of Doe's attorney fees as a sanction under Code § 8.01-271.1. After Doe nonsuited her claims, Sidar appealed to the Supreme Court. That Court denied the appeal on September 9, 2022. The order doing so reads as follows:

> Upon review of the record in this case and consideration of the argument submitted in support of and in opposition to the granting of an appeal, the Court is of the opinion there is no reversible error in the judgment complained of. Accordingly, the Court refuses the petition for appeal.

On October 7, 2022, pursuant to Rule 1:1A, counsel for Doe attempted to file her request for attorney fees she incurred in responding to Sidar's appeal. The Clerk of the Fairfax Circuit Court would not accept the filing because the clerk's office had not received the Supreme Court order refusing the petition for appeal. The circuit court clerk told counsel that the fee application could not be filed until the Supreme Court returned the case to the circuit court. The clerk's office received a copy of the September 9 order on October 24, 2022. Doe then filed the fee application in the circuit court on November 10, 2022.

Sidar asserted that Doe's application was not timely filed because it was filed more than 30 days after the September 9, 2022 order refusing the petition. The circuit court agreed with Doe that she could not have filed her request for attorney fees until after the Supreme Court

---

[1] The facts are recited "in the 'light most favorable' to [Doe], the prevailing party in the trial court." *Hammer v. Commonwealth*, 74 Va. App. 225, 231 (2022) (quoting *Commonwealth v. Cady*, 300 Va. 325, 329 (2021)).

[2] The torts were of a sexual nature, which justifies the "Jane Doe" designation. *See* Code § 8.01-15.1.

considered any rehearing petition, entered a final order, and returned jurisdiction to the circuit court on October 24, 2022. Consequently, the court concluded that Doe's November 10, 2022 application was timely under Rule 1:1A. The court awarded Doe $35,000 in attorney fees. This appeal follows.

ANALYSIS

The issue before this Court requires us to interpret Rule 1:1A. Because we must "address questions of jurisdiction and . . . interpretation of the Rules of Court," our resolution of the issue "turns on questions of law subject to de novo review." *Bailey v. Commonwealth*, 73 Va. App. 250, 259 (2021); *see Amin v. County of Henrico*, 286 Va. 231, 235 (2013) ("A lower court's interpretation of the Rules of [the Supreme] Court, like its interpretation of a statute, presents a question of law that we review de novo." (quoting *LaCava v. Commonwealth*, 283 Va. 465, 469-70 (2012))).

Rule 1:1A provides:

> (a) Notwithstanding any provision of Rule 1:1, in any civil action appealed to an appellate court that results in a final appellate judgment favorable to an appellee, a prevailing appellee who has recovered attorney fees, costs or both in the circuit court pursuant to a contract, statute or other applicable law may make application in the circuit court in which judgment was entered for attorney fees, costs or both incurred on appeal. *The application must be filed within 30 days after the entry of a final appellate judgment* and may be made in the same case from which the appeal was taken, which case will be reinstated on the circuit court docket upon the filing of the application. The appellee is not required to file a separate suit or action to recover the fees and costs incurred on appeal, and the circuit court has continuing jurisdiction of the case for the purpose of adjudicating the application. The circuit court's order granting or refusing the application, in whole or in part, is a final order for purposes of Rule 1:1. *The phrase "final appellate judgment" as used in this rule means the issuance of the mandate by the appellate court or, in cases in which no*

> *mandate issues, the final judgment or order of the appellate court disposing of the matter.*

(Emphases added).

> (b) Nothing in this Rule restricts or prohibits the exercise of any other right or remedy for the recovery of attorney fees or costs, by separate suit or action, or otherwise.

In conducting de novo review "[w]e apply the plain meaning of the language appearing in the [rule] unless it is ambiguous or applying the plain language leads to an absurd result." *Northcraft v. Commonwealth*, 78 Va. App. 563, 593 (2023) (quoting *Baldwin v. Commonwealth*, 69 Va. App. 75, 82 (2018)). Language is ambiguous if it is "difficult to comprehend" or is unclear. *Blake v. Commonwealth*, 288 Va. 375, 381 (2014) (quoting *Boynton v. Kilgore*, 271 Va. 220, 227 n.8 (2006)).

As pertinent to this case, Rule 1:1A was amended effective January 1, 2022, in conjunction with the change in this Court's jurisdiction over civil cases. The prior version of the rule stated that a party who had prevailed in any civil action in a circuit court that was appealed to the Supreme Court could request attorney fees incurred in responding to the appeal within 30 days of the Supreme Court's denial of the petition and any petition for rehearing, whichever was later. The amendment removed the specific reference to the Supreme Court and stated the application had to be filed within 30 days of "the entry of the final appellate judgment." The amended rule defined "final appellate judgment" as "the issuance of the mandate by the appellate court or, in cases in which no mandate issues, the final judgment or order of the appellate court disposing of the matter."

As amended, the rule plainly contemplates that in some cases, an appellate court will issue a final order without an accompanying mandate. The rule does not define "final judgment or order" or "mandate," but those terms have been defined elsewhere. A "final order" is one that "disposes of the entire action and leaves nothing to be done except the ministerial

- 4 -

superintendence of execution of the judgment." *Kosko v. Ramser*, 299 Va. 684, 687 (2021) (quoting *Super Fresh Food Mkts. of Va., Inc. v. Ruffin*, 263 Va. 555, 560 (2002)). *See Mills v. Mills*, 77 Va. App. 543, 567 (2023) (holding that a Supreme Court order denying a petition for appeal was a "final appellate judgment" under Rule 1:1A because "it disposed of the entire matter").[3] In contrast, a mandate is "[a]n order from an appellate court directing a lower court to take a specified action." *Mandate*, *Black's Law Dictionary* (11th ed. 2019).

In this case, the Supreme Court's September 9, 2022 order denying Sidar's petition for appeal was the final appellate judgment because it disposed of the matter. Sending the September 9 order to the circuit court and returning the case on October 24, 2022 was merely a "ministerial superintendence of execution of the judgment." *Kosko*, 299 Va. at 687. The Supreme Court did not issue a mandate on October 24, 2022. Therefore, Doe's November 10, 2022 application under Rule 1:1A was untimely, and the circuit court erred in awarding her fees under Rule 1:1A.[4]

---

[3] In *Mills*, the trial court awarded attorney fees to the husband for expenses incurred defending against the wife's unsuccessful appeal to the Supreme Court of Virginia. 77 Va. App. at 566. Rejecting the wife's argument that there was no final appellate judgment, this Court held that the husband's application for attorney fees was timely filed within 30 days of the entry of the order denying the wife's appeal. *Id.* at 567.

[4] Sidar also argues that the circuit court had no inherent authority to award attorney fees. The stated basis in Doe's application for attorney fees was Rule 1:1A(a), but the circuit court found that she also was entitled to fees under "Rule 1:1A(b) and the inherent power of th[e] court." However, construing subpart (b) as providing an independent basis for awarding attorney fees, even though a fee application was not timely filed, would lead to an absurd result, making the 30-day filing requirement in subpart (a) superfluous. Subpart (b) makes clear that nothing in the rule "restricts or prohibits the exercise of any other right or remedy for the recovery of attorney fees," such as "by separate suit or action." But Doe did not seek attorney fees by separate suit or action. A motion for the recovery of attorney fees under the mechanism provided in subpart (a) must comply with the procedural requirements of that subpart, including the 30-day requirement. Thus, the circuit court erred in awarding fees under Rule 1:1A(b).
Sidar argues that even if the application was timely filed, Doe was not entitled to attorney fees under Rule 1:1A because he committed no sanctionable conduct on appeal and there was no other basis to award attorney fees to her. Because we hold that the fee application was not timely filed, we do not address his alternative argument. *See Calway v. City of Chesapeake*, 79

Further, the circuit court erred in ruling that it lacked jurisdiction over the case until it was returned to the clerk's office. Rule 1:1B(a)(1) states that after a notice of appeal is filed, "the circuit court retains *concurrent jurisdiction* for the purposes specified in this Rule, including acting upon any of the matters set forth in subparts (a)(3)(A)-(H) of this Rule." (Emphasis added). Subpart (a)(3)(H) then explicitly permits a circuit court to "tak[e] any other action authorized by statute or Rule of Court . . . which actions include . . . those authorized by . . . *Rule[] 1:1A* . . . so long as the party requesting the action complies with the applicable time limitation in the . . . Rule authorizing such action." Rule 1:1B(a)(3)(H) (emphasis added). Thus, the circuit court retained limited concurrent jurisdiction over this case to act under Rule 1:1A, if the application for attorney fees was filed within the 30-day time limitation, regardless of whether the Supreme Court had "returned" the case to the circuit court.[5]

This Court recognizes that the circuit court clerk's error in not allowing Doe to file her application for fees on October 7, 2022 created a substantial hardship for Doe. The unfortunate circumstances, however, do not entitle her to relief in this Court. *See generally Shankle v. Spahr*, 121 Va. 598, 610 (1917) ("Our province is not to make law, but to administer it, and we must, therefore, decide this case according to the settled law as it is written, and not permit a hard case to make bad law.").

Finally, citing Rules 1:1A and 5:20(g), Doe requests attorney fees. In this instance, the appellee has not prevailed on appeal and we deny the request.

---

Va. App. 220, 230-31 (2023) (stating that an appellate court should decide cases "on the best and narrowest grounds available" (quoting *Commonwealth v. White*, 293 Va. 411, 419 (2017))).

[5] *See Schneider v. Brant*, No. 0396-22-4 (Va. Ct. App. Oct. 4, 2022) (per curiam) (stating that the appellee did not need to specifically request his case be remanded to the trial court to determine fees and costs under Rule 1:1A because the trial court had "continuing jurisdiction of the case for the purpose of adjudicating" an application for attorney fees). *See* Rule 5A:1(f) (stating that unpublished cases may be cited as informative but are not considered as binding authority).

CONCLUSION

The circuit court erred in finding that Doe's application for attorney fees was timely filed in accordance with Rule 1:1A.

*Reversed, vacated, and final judgment.*